IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**RICHARD ALAN SMITH**                                                    **PLAINTIFF**

v.                               No: 3:19-cv-00143 DPM-PSH

**MARTY BOYD,** *et. al*                                                  **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I. Introduction**

Plaintiff Richard Alan Smith filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 13, 2019, while incarcerated at the Craighead County Detention Center ("CCDC"). Doc. No. 1. Smith complained of moldy and unsanitary jail conditions. *Id.* Smith was instructed to, and did, file an amended complaint. Doc. No. 5. In his amended complaint, Smith complained about dirty sleeping mats covered in black mold and mildew, toilet water

leaking onto eating tables and sleeping areas, black mold growing on the ceiling, shower, and on and around bunks, and unsanitary food trays. Doc. No. 5 at 4-7. Smith also complained that he was not given cleaning supplies and was verbally threatened when he complained. *Id.* He described resulting injuries from the unsanitary conditions including rashes, red bumps, headaches, trouble breathing, sore throats, and back pain. *Id.* at 8. The Court recommended that Smith be allowed to proceed with his unsanitary conditions claims, and that his claims relating to verbal abuse be dismissed. Doc. No. 9. The Court also recommended certain defendants be dismissed because Smith made no allegations that those defendants were involved in any violation of his constitutional rights. *Id.* The Court's recommendations were subsequently adopted. Doc. No. 17. Meanwhile, service was ordered and obtained on the remaining defendants. Doc. Nos. 8, 10 – 13.

The defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Smith had not exhausted his claims against them before he filed this lawsuit. Doc. Nos. 20-22. Smith failed to respond to the motion or file a statement of disputed facts. Because Smith failed to controvert the facts set forth in defendants' statement of undisputed facts, Doc. No. 22, those facts are deemed admitted. *See* Local Rule 56.1(c). The defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that defendants are entitled to judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).

Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id*.

Defendants argue that they are entitled to summary judgment because Smith failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 21. In support of their motion for summary judgment, defendants submitted an affidavit by Assistant Jail Administrator Todd Harrell (Doc. No. 22-1); Smith's Arrest and Booking Sheet (Doc. No. 22-2); grievances and requests filed by Smith during his incarceration at CCDC (Doc. No. 22-3); Smith's medical file (Doc. No. 22-4); and a copy of the CCDC's grievance policy (Doc. No. 22-6).

The CCDC has a grievance procedure in place for inmates to complain about alleged constitutional violations, including, but not limited to, those concerning the conditions of confinement. Doc. No. 22-6 at 1-2. That policy requires an inmate who wishes to express a grievance to complete a CCDC complaint form clearly describing all relevant facts and requests. *Id.* That form is to be delivered to any staff member for delivery to the jail administrator or his designee promptly. *Id.* The policy further requires grievances to be

4

reviewed immediately upon receipt to determine urgency. *Id.* Absent an emergency, grievances are to be investigated and resolved within a reasonable time. *Id.* The inmate is to be informed of the disposition of a non-emergency grievance within ten working days. *Id.* An inmate may appeal any response to the sheriff, who is required to respond in writing. *Id.* Finally, all grievances and responses are required to be placed in the inmate's jail file. *Id.*

The defendants submitted a record of the grievances and requests Smith made before filing this action. *See* Doc. No. 22-3. Smith was jailed at the CCDC for approximately six weeks before he filed this lawsuit. Doc. Nos. 22-2 (booking sheet) & 1 (complaint). During that time, he submitted one sick call request and one grievance. Doc. No. 22-3 at 2 & 8.[1] The grievance concerned a mail issue and did not mention moldy and unsanitary conditions. *Id.* at 8. In the sick call request, Smith complained that he was having dizzy spells and feeling light headed. *Id.* at 2. He did not file any other sick call requests complaining of rashes, red bumps, headaches, trouble breathing, sore throats, and back pain. *Id.* His medical file also shows that he did was not seen or treated for these issues. Doc. No. 22-4. Smith has not refuted these facts.

The Court finds that the evidence submitted by the defendants establishes that Smith did not exhaust available administrative remedies before he filed this lawsuit, and the

---

[1] The remainder of grievances and sick call requests submitted by defendants relate to Smith's incarceration in 2018 or were made after Smith filed this lawsuit. Smith did not complain of moldy or unsanitary conditions or any related illnesses in any of these grievances or sick call requests. *See* Doc. No. 22-3.

5

defendants are entitled to summary judgment. Smith's claims should be dismissed without prejudice.

## IV. Conclusion

Smith did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, the defendants are entitled to summary judgment, and Smith's claims should be dismissed without prejudice.

DATED this 31st day October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE